# Holland & Knight

50 North Laura Street, Suite 3900 | Jacksonville, FL 32202 | T 904.353.2000 | F 904.358.1872
Holland & Knight LLP | www.hklaw.com

Frank E. Morreale
+1 904-798-5466
Frank.Morreale@hklaw.com

March 9, 2022

The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court,
  Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re:   *Scalercio-Isenberg v. Goldman Sachs Mortgage Co., et ux.*, No. 21-cv-4124-KPF

Dear Judge Failla:

We represent Defendants and write pursuant to Rule 2.c of Your Honor's Individual Rules of Practice in Civil Cases (the "Rules") in reply to Plaintiff's letter motion dated Sunday, March 6, 2022 (Doc. 38) (the "Letter Motion"). While the Letter Motion appears to have been submitted contrary to Rule 2.b.i, Defendants have submitted this brief response should the Letter Motion be considered, and to ensure that the Court is not misled by Plaintiff's meritless accusations of harassment against Defendants.

Defendants respectfully request that the Letter Motion, to the extent considered, be denied because it is unsupported by any facts and there is no basis to award Plaintiff relief. As established in Defendants' motion to dismiss, neither Defendant has a current interest in Plaintiff's mortgage loan. Further, as set forth more fully in my declaration and the accompanying declaration of the mortgage servicer's outside counsel, neither Defendant nor I have control of the mortgage loan, the mortgage servicer, or their attorneys, nor are we giving instructions or taking actions with respect to Plaintiff's mortgage, her residence or Plaintiff herself. Plaintiff has provided no evidence that Defendants, or any of their affiliates, have undertaken any of the actions cited in the Letter Motion. We further confirm that neither Defendants nor their affiliates have been involved in any alleged harassment or other misconduct. It is our understanding, moreover, that Plaintiff has contact information for the mortgage servicer and its outside counsel (which Plaintiff mischaracterizes as "Goldman Sachs Affiliate Lawyers" in the Letter Motion), and we respectfully submit that Plaintiff should have addressed this matter with them rather than through the Letter Motion.

While Defendants have specifically avoided disturbing the Court with accusations of harassment, it seems, in the current context, necessary to advise the Court that to the extent there has been harassment, that harassment has come through e-mails from Plaintiff to me and our

Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville
Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia | Portland | San Francisco
Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

The Honorable Katherine Polk Failla
March 9, 2022
Page 2

clients. Three such emails (out of many received) are attached to my declaration.[1] While our clients would prefer that Plaintiff stop sending these types of emails, our clients chose not to burden the Court with peripheral motion practice to allow the Court to focus on substantive matters under consideration.[2]

    We remain available to discuss further at Your Honor's request.

Respectfully submitted,

Frank Morreale

Enclosures

cc: Sherry Scalercio-Isenberg (by electronic mail) (with enclosures)

---

[1] In light of Defendants' lack of control of Plaintiff's mortgage loan, and as a courtesy, Plaintiff's emails to Defendants' counsel are typically forwarded to the mortgage servicer's outside counsel to ensure that they are aware of Plaintiff's stated concerns and can address them directly.

[2] Plaintiff has designated the Letter Motion as a motion to compel, but it appears Plaintiff is seeking a protective order against informal discovery that Plaintiff believes has been occurring. See Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance …"). The Letter Motion should be denied for the additional reason that Plaintiff has failed to attempt to confer "in an effort to resolve the dispute without court action." See id.

The Court is in receipt of Plaintiff's letter motion, dated March 6, 2022, seeking to compel Defendants and their counsel to cease certain allegedly harassing behavior.  (Dkt. #38).  In her motion, Plaintiff explains that she has received numerous letters from "Goldman Sachs Affiliate Lawyers" and has observed unknown cars driving by her house for the purpose of taking pictures for use in a "fraudulent home foreclosure package by Goldman Sachs."  (Dkt. #38 at 2).  Plaintiff contends that defense counsel in this case is implicated in Goldman Sachs' "scheme" to force her home into foreclosure.  (Dkt. #38 at 2).

Defendants filed a letter opposing this motion on March 9, 2022.  (Dkt. #39). Defendants represent that neither Goldman Sachs nor defense counsel have control over the mortgage loan, the mortgage servicer, or their attorneys and are not otherwise involved in the conduct described by Plaintiff.  In support of this position, defense counsel submitted his own sworn declaration, in which he denies taking any actions concerning Plaintiff's mortgage, her residence, or Plaintiff herself.  (Dkt. #40 at ¶¶ 2-4).  To corroborate defense counsel's lack of involvement, Defendants also submitted the declaration of Mitchell S. Kurtz, outside counsel for Plaintiff's mortgage servicer.  (Dkt. #41).  Mr. Kurtz avers that any correspondence sent to Plaintiff were sent solely at the discretion of the mortgage servicer and that neither of the named Defendants provided any direction or instruction in connection with such correspondence.  (Dkt. #41 at ¶¶ 3-4)

The Court accepts Defendants' sworn representations that they did not participate in any of the conduct described by Plaintiff.  Plaintiff has provided only speculation concerning Defendants' involvement in the alleged harassment.  The Court is without the power to compel a party to cease conduct that it has not engaged in.  Accordingly, Plaintiff's motion to compel is DENIED.

The Clerk of Court is directed to terminate the pending motion at docket entry 38.

Dated:     March 10, 2022              SO ORDERED.
           New York, New York

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE